THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL CASE NO. 5:16-cv-00958-RE

| | |
|---|---|
| WALTER L. HINSON,<br>Chapter 7 Trustee for<br>for CELESTE G. BROUGHTON,<br><br>     Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.,<br><br>     Defendant. | O R D E R |

**THIS MATTER** is before the Court on the Debtor's "Motion Pursuant to Rule 60(b)(1), (3) and (d)(3)" [DE-30], in which the Debtor seeks to set aside the Court's Order of December 13, 2017 [DE-28] approving the compromise of this litigation pursuant to Bankruptcy Rule 9019(a).

Rule 60 of the Federal Rules of Civil Procedure applies to proceedings under the Bankruptcy Code. Fed. R. Bankr. P. 9024. Rule 60(b) permits the Court to "relieve a party ... from a final judgment, order or proceeding" on a limited number of grounds. Fed. R. Civ. P. 60(b). In order to prevail on a Rule 60(b) motion, "a party must demonstrate (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and

(4) exceptional circumstances." Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295, 299 (4th Cir. 2017). "After a party has crossed this initial threshold, [it] then must satisfy one of the six specific sections of Rule 60(b)." Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993). Here, the Debtor seeks relief under Rule 60(b) on the grounds of mistake, inadvertence, surprise, or excusable negligence and fraud by an opposing party. See Fed. R. Civ. P. 60(b)(1), (3).

In arguing that the Court's Order should be set aside, the Debtor contends that she never received notice of the Trustee's proposed settlement agreement with Bank of America or of his motion for the Court to approve such settlement. [DE-30 at 4-7]. The record, however, demonstrates that the Debtor was served with a copy of the Trustee's motion to approve the compromise in accordance with the Bankruptcy Rules. [See Certificate of Service dated May 4, 2017, DE-23]. Further, the Trustee's motion was discussed extensively during the status conference held on September 22, 2017, at which the Debtor was present. Thus, the Debtor cannot now claim to have lacked notice of the Trustee's motion. Because no objections were filed to the Trustee's motion, the Court properly entered its Order approving the compromise without further hearing on December 13, 2017.

Next, the Debtor argues that the Court's Order should be set aside because the settlement that was approved violates the Supreme Court's holding in <u>Czyzewski v. Jevic Holding Corp.</u>, 137 S. Ct. 973 (2017). <u>Czyzewski</u>, however, is not applicable to the present proceedings. In that case, the Supreme Court held that a bankruptcy court may not approve a structured dismissal of a corporation's Chapter 11 case which provides for distributions that do not follow the ordinary priority rules absent the affected creditors' consent. The present action, however, involves a compromise of one secured creditor's claim in an individual debtor's Chapter 7 proceeding. The holding of <u>Czyzewski</u> simply is not applicable to this case.

While the Debtor clearly now objects to the compromise between the Trustee and Bank of America, she does so on the grounds of her often-repeated contention that the Trustee and the creditors of her estate are engaged in a pattern of fraud and racketeering against her. These accusations have been addressed repeatedly in prior Orders in the main bankruptcy proceeding, Civil Case No. 5:16-cv-00302-RE, and the Court will not address them again here. Suffice it to say, the Debtor has failed to show any fraud on the part of the Trustee or Bank of America in settling the claims in this adversary proceeding. As the Court previously found, the settlement negotiated between the parties and approved by the Court is a fair and

equitable resolution of the Trustee's adversary claim and settlement is in the best interest of the estate and the creditors alike. Bank of America had asserted a secured claim of $248,000. The approved settlement resulted in a significant reduction of that claim (to $20,000), as well as a waiver of all deficiency claims asserted by Bank of America, and obviated the need for the Trustee to incur any further expense in litigating the adversary proceeding. As such, the settlement benefitted not only the estate and its creditors, but the Debtor as well.

After careful consideration, the Court finds no basis in fact or law to set aside its prior Order approving the compromise reached by the Trustee and Bank of America. Accordingly, the Debtor's Rule 60(b) motion is denied.

**IT IS, THEREFORE, ORDERED** that the Debtor's "Motion Pursuant to Rule 60(b)(1), (3) and (d)(3)" [DE-30] is **DENIED**.

**IT IS SO ORDERED.**

Entered this the 7 day of September, 2018.

MARTIN REIDINGER
UNITED STATES DISTRICT JUDGE